UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL HOGAN,

  Petitioner,         Case No. 16-cv-13295
                 JUDGE GERSHWIN A. DRAIN
v.

STEVEN RIVARD,

  Respondent.
_____/

**OPINION AND ORDER
DENYING THE HABEAS CORPUS PETITION,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

This matter has come before the Court on petitioner Paul Hogan's *pro se* Habeas Corpus Petition under 28 U.S.C. § 2254. Petitioner challenges his Wayne County conviction for carjacking, MICH. COMP. LAWS § 750.529a, on the basis that there was insufficient evidence at his trial to sustain the conviction. The warden urges the Court to deny the petition because the state appellate court's adjudication of Petitioner's claim was not an unreasonable application of clearly established Supreme Court law. The Court agrees. Accordingly, the Petition will be denied.

## I. BACKGROUND

Petitioner was charged with carjacking, armed robbery, and possession of a firearm during the commission of a felony. He waived his right to a jury trial and

was tried before a judge in Wayne County Circuit Court where the trial testimony established that,

> [o]n October 20, 2013, Jinni Terry arrived at a gas station in Detroit, Michigan. As soon as she exited her car, defendant and Steven Heard approached her and asked if they could pump her gas. Terry informed the men that she was not getting gas, and proceeded to enter the gas station to make a purchase. As Terry exited and walked away from the gas station, she saw defendant standing by the gas station door, and saw Heard standing near her car by the gas pump. Terry testified that as she approached her car, she stopped walking because she was afraid. Heard then pulled out a gun, stated, "Don't run, don't move, don't scream," and demanded Terry's keys. Terry refused and began running toward the gas station with Heard in pursuit. Terry testified that as she opened the gas station door, she felt defendant grab her arm, but she was able to break free and enter the building. Once inside the gas station, Terry saw defendant and Heard running together from the scene.

*People v. Heard*, No. 321214, 2015 WL 1214502, at *1 (Mich. Ct. App. Mar. 17, 2015), (unpublished).

Terry and one of the officers involved in arresting Petitioner and Heard shortly after the crime were the only prosecution witnesses. Petitioner did not testify or present any witnesses. His defense was that he was merely present during the incident at the gas station and that he lent no assistance to Heard.

At the conclusion of the bench trial, the trial court acquitted Petitioner of the robbery and firearm charges and found him guilty of carjacking. On March 26,

2014, the trial court sentenced Petitioner to prison for ten to twenty-five years with 157 days of credit for time served.

Petitioner challenged his conviction in an appeal of right, but the Michigan Court of Appeals rejected his arguments and affirmed his conviction. *See id*. On October 28, 2015, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issue. *See People v. Hogan*, 498 Mich. 906; 870 N.W.2d 905 (2015). On September 13, 2016, Petitioner filed his habeas corpus petition.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires habeas petitioners who challenge "a matter 'adjudicated on the merits in State court' to show that the relevant state court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.'" *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018) (quoting 28 U.S.C. § 2254(d)). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v.*

3

*Taylor*, 529 U.S. 362, 411 (2000). "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997), and 'demands that state-court decisions be given the benefit of the doubt,' *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*)." *Renico v. Lett*, 559 U.S. 766, 773 (2010).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain a writ of habeas corpus from a federal court, a state prisoner must show that the state court's ruling on his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103.

### III. ANALYSIS

Petitioner's sole ground for relief is that there was insufficient evidence at trial to support his carjacking conviction. Petitioner contends that he did not know Heard had a gun and planned to commit a robbery or carjacking. Petitioner also contends that, according to Terry, he never asked her for anything, and he never chased her, blocked her path, or tried to grab her. He asserts that he ran from the

scene for fear of being blamed for the crime due to his association with Heard. The Michigan Court of Appeals adjudicated Petitioner's claim on the merits and concluded that there was sufficient evidence to support Petitioner's conviction under an aiding and abetting theory.

### A. Clearly Established Federal Law

The Due Process Clause of the United States Constitution "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). Following *Winship*, the critical inquiry on review of a challenge to the sufficiency of the evidence supporting a criminal conviction is

> whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (internal citations and footnote omitted) (emphases in original). "Circumstantial evidence may support a conviction, *McKenzie v. Smith,* 326 F.3d 721, 727 (6th Cir. 2003), and such

5

evidence need not remove every reasonable hypothesis except that of guilt. *Walker v. Russell,* 57 F.3d 472, 475 (6th Cir. 1995)." *Apanovitch v. Houk*, 466 F.3d 460, 488 (6th Cir. 2006).

Under AEDPA, moreover, the Court's "review of a state-court conviction for sufficiency of the evidence is very limited." *Thomas v. Stephenson*, 898 F.3d 693, 698 (6th Cir. 2018). The Supreme Court has "made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (*per curiam*).

First, it is the responsibility of the trier of fact to decide what conclusions should be drawn from the evidence admitted at trial. *Id*. "And second, on habeas review, 'a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.' " *Id*.

> "[T]his standard is difficult to meet," no doubt, but "that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102, 131 S. Ct. 770, 178 L.Ed.2d 624 (2011). "[H]abeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id*. at 102-03, 131 S. Ct. 770 (internal quotation marks and citation omitted).

*Thomas*, 898 F.3d at 698.

## B. Application

The *Jackson* "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law," *Jackson*, 443 U.S. at 324 n.16, and, in Michigan,

> [a] person who in the course of committing a larceny of a motor vehicle uses force or violence or the threat of force or violence, or who puts in fear any operator, passenger, or person in lawful possession of the motor vehicle, or any person lawfully attempting to recover the motor vehicle, is guilty of carjacking.

MICH. COMP. LAWS § 750.529a(1). The phrase " 'in the course of committing a larceny of a motor vehicle' includes acts that occur in an attempt to commit the larceny, or during commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the motor vehicle." MICH. COMP. LAWS § 750.529a(2).

Terry identified Petitioner at trial as being one of the two men involved in the incident at the gas station on October 20, 2013. She also identified Petitioner in a photo array shown to her a few days after the incident. Her trial testimony – that Heard pulled out a gun, demanded her car keys, and frightened her – was proof that Heard used the threat of force or violence and placed her in fear while she was in lawful possession of a motor vehicle. Although Heard did not take her car, his attempt to take the vehicle qualified as conduct taken in the course of committing a

7

larceny of a motor vehicle. MICH. COMP. LAWS § 750.529a(2). As such, Heard's conduct satisfied the statutory definition of carjacking. The critical question is whether Petitioner aided and abetted Heard.

Aiding and abetting is "any type of assistance given to the perpetrator of a crime by words or deeds that are intended to encourage, support, or incite the commission of that crime." *People v. Moore,* 470 Mich. 56, 63; 679 N.W.2d 41, 46 (2004). "Mere presence, even with knowledge that an offense is about to be committed or is being committed, is insufficient to show that a person is an aider and abettor." *People v. Wilson*, 196 Mich. App. 604, 614; 493 N.W.2d 471, 476 (1992). To show that an individual actually aided and abetted the commission of a crime, the prosecution must establish

> that (1) the crime charged was committed by the defendant or some other person, (2) the defendant performed acts or gave encouragement that assisted the commission of the crime, and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement. An aider and abettor's state of mind may be inferred from all the facts and circumstances. Factors that may be considered include a close association between the defendant and the principal, the defendant's participation in the planning or execution of the crime, and evidence of flight after the crime.

*People v. Carines,* 460 Mich. 750, 757-58; 597 N.W.2d 130, 135 (1999) (quoting *People v. Turner*, 213 Mich. App. 558, 568-69; 540 N.W.2d 728, 733-34 (1995)).

Heard committed a carjacking, as defined by state law. Furthermore, the evidence at trial established that Petitioner assisted Heard in committing the carjacking. As correctly noted by the state appellate court,

> Defendant and Heard approached the victim together and each asked to pump her gas. When the victim refused their offers and entered the gas station, defendant stood at the door of the gas station where he could act as a lookout and prevent the victim from fleeing. Terry testified that after she exited the building and saw Heard produce a gun, defendant grabbed her arm as she tried to retreat back into the gas station. Defendant and Heard then fled the scene together.

*Hogan*, 2015 WL 1214502, at *2. In short, Petitioner aided and abetted Heard in committing the carjacking by "approach[ing] the victim with Heard, [standing] by the door while the victim entered the gas station, grabb[ing] the victim's arm as she tried to retreat from Heard, and [fleeing] the scene with Heard." *Id*.

Although Petitioner implicitly challenges Terry's testimony that he grabbed her, " 'attacks on witness credibility are simply challenges to the quality of the government's evidence and not to the sufficiency of the evidence.' " *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002) (quoting *United States v. Adamo,* 742 F.2d 927, 935 (6th Cir. 1984)). Furthermore, an assessment of a witness's credibility generally is "beyond the scope of federal habeas review of sufficiency of evidence claims." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003).

"A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Id*.

Petitioner also contends that he did not know Heard had a gun or planned to commit a robbery or carjacking. Terry, however, testified that both Petitioner and Heard initially approached her. Petitioner also helped Heard execute the crime by standing guard at the door to the gas station, and he fled the scene with Heard after Heard was unsuccessful in acquiring Terry's vehicle. The trial court could have inferred from the circumstantial evidence that Petitioner knew Heard intended to commit a carjacking, using some type of force or threat of force.

A rational trier of fact could have concluded from all the evidence, taken in the light most favorable to the prosecution, that Petitioner aided and abetted Heard in committing a carjacking. Thus, the prosecution proved the essential elements of carjacking beyond a reasonable doubt. In addition, the state appellate court's conclusion – that the evidence was sufficient to support Petitioner's conviction under an aiding and abetting theory – was objectively reasonable. Petitioner has no right to relief on the basis of his challenge to the sufficiency of the evidence.

## IV. CONCLUSION AND ORDER

The state appellate court's adjudication of Petitioner's claim on the merits was not contrary to, or an unreasonable application of, *Jackson*. The state court's decision also did not result in an unreasonable application of the facts.

Accordingly, **IT IS ORDERED** that the Petition for a Writ of Habeas Corpus (Dkt. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Additionally, reasonable jurists could not disagree with the Court's resolution of Petitioner's constitutional claim, nor conclude that the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Nevertheless,

**IT IS FURTHER ORDERED** that Petitioner may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated: April 5, 2019

                                         s/Gershwin A. Drain
                                         HON. GERSHWIN A. DRAIN
                                         United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 5, 2019, by electronic and/or ordinary mail.

                                        s/Teresa McGovern
                                        Case Manager